IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTHSHORE MAINLAND SERVICES INC., *et al.*,[1] ) | Case No. 15-11402 (KJC) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Hearing: August 17, 2015 @ 11:00 AM (ET) |
| ) | Obj. Deadline: August 10, 2015 @ 4:00PM (ET) |

## DEBTORS' APPLICATION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING RETENTION AND EMPLOYMENT OF MAURICE O. GLINTON & CO. AS SPECIAL BAHAMIAN CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JULY 22, 2015

Northshore Mainland Services Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors")[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this application (the "Application") for entry of an order substantially in the form annexed hereto as Exhibit A (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Maurice O. Glinton & Co.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the lead Debtor's federal tax identification number, are as follows: Northshore Mainland Services Inc. (9087); Baha Mar Enterprises Ltd.; Baha Mar Entertainment Ltd.; Baha Mar Land Holdings Ltd.; Baha Mar Leasing Company Ltd.; Baha Mar Ltd.; Baha Mar Operating Company Ltd.; Baha Mar Properties Ltd.; Baha Mar Sales Company Ltd.; Baha Mar Support Services Ltd.; BML Properties Ltd.; BMP Golf Ltd.; BMP Three Ltd.; Cable Beach Resorts Ltd.; and Riviera Golf Ventures Ltd.

[2] The Debtors and their direct and indirect non-debtor subsidiaries are collectively referred to herein as "Baha Mar."

("Glinton") as special Bahamian counsel, effective *nunc pro tunc* to July 22, 2015. In support of this Application, the Debtors submit the declaration of Maurice O. Glinton, Q.C., a partner at Glinton (the "Glinton Declaration"), which is attached hereto as Exhibit B, and the declaration of Lance Millage, Deputy Chief Operating Officer of Baha Mar Ltd., which is attached hereto as Exhibit C (the "Millage Declaration"). In further support of this Application, the Debtors respectfully state as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 328 (a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Local Rules 2014-1.

### Background

4. On June 29, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 1, 2015, the Court entered an order [D.I. 47] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On July 14, 2015, the United States Trustee for Region 3 (Delaware) appointed a

2

statutory committee of unsecured creditors in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code [D.I. 166].

6.  Additional details regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases are set forth in the *Declaration of Thomas M. Dunlap in Support of Chapter 11 Petitions and First Day Pleadings of Northshore Mainland Services Inc. and its Affiliated Debtors and Debtors in Possession* (the "First Day Declaration") [D.I. 3], which is incorporated herein by reference.

## Relief Requested

7.  By this Application, the Debtors request that the Court enter the Order authorizing the employment and retention of Glinton as special Bahamian co-counsel for the Debtors in connection with the winding-up petition and the application for the appointment of a Provisional Liquidator filed by the Attorney-General of The Bahamas[3] to the Supreme Court of the Commonwealth of The Bahamas (the "Winding-up Proceeding"), effective *nunc pro tunc* to July 22, 2015, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## Basis for Relief

8.  Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

---

[3] In this action the Attorney General purports to be acting in a representative capacity on behalf of: (1) the Government of the Commonwealth of The Bahamas, (2) the Treasurer of the Commonwealth of The Bahamas, (3) Bahamas Electricity Corporation, (4) the National Insurance Board, (5) the Water and Sewerage Corporation, and (6) the Gaming Board of The Bahamas.

persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9. Accordingly, on July 22, 2015, the Debtors selected Glinton, as special Bahamian counsel, in accordance with a retention agreement between Glinton and the Debtors (the "Retention Agreement"). The Debtors believe that retaining Glinton is reasonable and necessary in order for the Debtors to effectively advocate for their rights in the Winding-up Proceeding. Accordingly, the Debtors request that the Court approve Glinton's retention *nunc pro tunc* to July 22, 2015.

10. Glinton possesses extensive knowledge, expertise, and experience in matters concerning litigation, general corporate law, financings, and liquidation under Bahamian law. This combined with Glinton's experience in handling complex liquidation litigation in The Bahamas makes Glinton particularly well-suited to advocate effectively on behalf of the Debtors in the Winding-up Proceedings.

11. Mr. Maurice O. Glinton, Q.C., shall be the attorney in charge of this engagement. The Debtors understand that the designation Q.C., which stands for Queen's Counsel, is bestowed on an exclusive number of eminent jurists in The Bahamas in recognition of their exceptional advocacy skills and knowledge of the local law. Membership in the Q.C. is a status conferred on Mr. Glinton by the Government of the Commonwealth of The Bahamas, and is revered by the courts of The Bahamas.

12. The Debtors have filed applications to retain the law firm of Glinton Sweeting O'Brien ("GSO") to also serve as special Bahamian counsel. The Debtors have discussed the respective responsibilities and roles of GSO and Glinton in connection with their representation of the Debtors with each firm, and such firms will work under the

direction of the Debtors' management to avoid unnecessary duplication of services while allowing the Debtors to obtain the maximum advantage of their respective expertise and knowledge. Specifically, GSO will focus their efforts on the domestication and enforcement in The Bahamas of all relevant orders and directions issuing out of the Court and from the Chapter 11 proceedings and performing the range of services normally associated with matters such as this as the Debtors' special Bahamian counsel, while Glinton will focus on the advocacy and litigation associated with the Winding-up Proceeding.

**Services to Be Provided**

13. The Debtors believe that the services of Glinton are necessary to enable them to effectively litigate the Winding-up Proceeding for the benefit of all of the Debtors' creditors. Subject to entry of an order of this Court approving Glinton's retention, Glinton will represent the Debtors in the Winding-up Proceeding.

14. The Debtors believe that Glinton's employment is in the best interests of the Debtors, their estates, and their creditors. Subject to this Court's approval of the Application, Glinton is willing to serve as special Bahamian litigation counsel to the Debtors and to perform the services described above.

**Glinton's Disinterestedness**

15. To the best of the Debtors' knowledge, information and belief, and except as otherwise indicated in the Glinton Declaration, none of Glinton's partners, counsel, or associates working on the Winding-up Proceeding hold or represent any interest adverse to the interest of the estate or the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, on the

matters for which Glinton is to be retained. Glinton is therefore eligible to be retained as special Bahamian counsel pursuant to section 327(a) of the Bankruptcy Code.

16. While Glinton has undertaken, and continues to undertake, efforts to identify any possible interests adverse to the Debtors or the Debtors' estate with respect to the Winding-up Proceeding, it is possible that such interests have not yet been identified. Should Glinton learn of any new interests of the nature described above, through its continuing efforts or as the Chapter 11 Cases progress, Glinton will so advise the Court.

17. Glinton is not and will not advise, represent, or provide services for any entity other than the Debtors in connection with the Chapter 11 Cases.

**Professional Compensation**

18. In light of the potential fateful impact of the Winding-up Proceeding on the Debtors and their restructuring efforts, the Debtors have sought the retention of advocates who are held at the pinnacle of caliber and stature among their peers in The Bahamas.

19. In furtherance of such a goal, the Debtors have placed an initial retainer of $100,000 with Glinton (the "Retainer"). Upon approval from the Court, the first $15,000 of the retainer shall be treated as earned retainer. Glinton will not withdraw from this Retainer before the Court approves the Application and any applications for payment of fees and expenses.

20. As set forth in the Glinton Declaration, Glinton's Fees are reasonable and comparable to compensation generally charged by law firms of similar stature to Glinton and for comparable engagements, both in- and out-of-court. The Debtors believe, as does Glinton, that such Fees are in fact reasonable, market-based and designed to fairly compensate Glinton for its work and to cover fixed and routine overhead expenses.

21. Glinton intends to apply to the Court for the allowance of compensation for professional services rendered, reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Glinton will comply with all of the requirements of this Court, the Bankruptcy Code and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estates.

## Notice

22. The Debtors will provide notice of this Application to the following: (a) the Office of the United States Trustee for the District of Delaware; (b) Cooley LLP and Whiteford, Taylor & Preston LLC, as proposed counsels to the Official Committee of Unsecured Creditors; (c) the Export-Import Bank of China, in its capacity as arranger and lender under the Debtors' prepetition credit facility; (d) Citicorp International Limited, in its capacity as Facility Agent and Offshore Security Agent; (e) Citibank N.A., Bahamas Branch, in its capacity as Onshore Security Agent; (f) the Government of The Bahamas; (g) the Internal Revenue Service; and (h) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No prior request for the relief sought in this Application has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 27, 2015

_____
Lance Millage
Deputy Chief Financial Officer
Baha Mar Ltd., *et al.*