## Exhibit B

**Glinton Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| NORTHSHORE MAINLAND SERVICES INC., *et al.*,[1] | ) Case No. 15-11402 (KJC) |
| Debtors. | ) (Jointly Administered) |

## DECLARATION OF MAURICE O. GLINTON IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING RETENTION AND EMPLOYMENT MAURICE O. GLINTON & CO. AS SPECIAL BAHAMIAN COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JULY 22, 2015

I, Maurice O. Glinton, Q.C., being duly sworn, state the following under penalty of perjury:

1. I am a partner at the firm Maurice O. Glinton & Co. ("Glinton"), proposed special Bahamian counsel to Northshore Mainland Services Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of Order Pursuant to 11 U.S.C. § 327(a) Authorizing Retention and Employment of Maurice O. Glinton & Co. as Special Bahamian Counsel for the Debtors Nunc*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the lead Debtor's federal tax identification number, are as follows: Northshore Mainland Services Inc. (9087); Baha Mar Enterprises Ltd.; Baha Mar Entertainment Ltd.; Baha Mar Land Holdings Ltd.; Baha Mar Leasing Company Ltd.; Baha Mar Ltd.; Baha Mar Operating Company Ltd.; Baha Mar Properties Ltd.; Baha Mar Sales Company Ltd.; Baha Mar Support Services Ltd.; BML Properties Ltd.; BMP Golf Ltd.; BMP Three Ltd.; Cable Beach Resorts Ltd.; and Riviera Golf Ventures Ltd.

*Pro Tunc to July 22, 2015* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

3. At the Debtors' request, Glinton proposes to assist the Debtors in the Winding-up Proceeding. Glinton is a premier boutique law firm in The Bahamas specializing in general business and corporate law, as well as effective courtroom advocacy in the field of commercial litigation. Glinton regularly represents debtors, creditors, and equity holders in complex and prominent liquidation cases in the Supreme Court of the Commonwealth of The Bahamas.

4. To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor Glinton hold or represent an adverse interest on the matter for which Glinton is to be engaged, the Winding-up Proceeding.

5. I have caused to be conducted a search of Glinton's records of active and inactive client files for potential adverse parties. The search has demonstrated that Glinton is not presently engaged in any matter that would disqualify it from providing legal services to the Debtors.

6. Glinton is not and will not advise, represent, or provide services for any entity other than the Debtors in connection with the Chapter 11 Cases.

7. To the extent that Glinton discovers additional information that it determines should be disclosed, Glinton will file a supplemental disclosure with the Court.

8. Subject to Court approval and in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

[3] Certain of the disclosures set forth herein relate to matters not within my personal knowledge but rather within the knowledge of other attorneys and employees at Glinton and are based on information provided to me by them.

Debtors propose to pay Glinton on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Glinton on the Debtors' behalf.

9. Glinton understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the orders of this Court.

10. Glinton intends to charge the Debtors' estates the following hourly fees for Glinton's services (billed on a one-tenth hour basis):

    A. Supervising Litigation Counsel: $950;

    B. Associate Counsel: $500; and

    C. Paralegal Staff: $125.

In accordance with the Retention Agreement, all fees and charges are subject to a value added tax at the rate of 7.5%.

11. As of the filing of this Application, Glinton holds a retainer in the amount of $100,000 from the Debtors. Glinton will not withdraw from this retainer before approval from the Court.

12. Glinton will comply with all of the requirements of this Court and of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estates.

13. Consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>U.S. Trustee Guidelines</u>"), I provide the following information:

    a. Glinton did not agree to a variation of its standard or customary billing arrangements for this engagement;

b. None of Glinton's professionals included in this engagement have varied their rate based on the geographic location of the Chapter 11 Cases;

c. Glinton did not represent the Debtors in the 12 months prior to the Petition Date; and

d. The Debtors and Glinton expect to develop a prospective budget and staffing plan for Glinton's engagement for the period from July 22, 2015 to October 22, 2015. Consistent with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

14. No promises have been received by Glinton or by any member or professional thereof as to compensation in connection with its representation of the Debtors in these cases other than as set forth in the Application.

15. Glinton has no agreement with any entity to share any compensation received by Glinton.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 27, 2015

_____
Maurice O. Glinton, Q.C.
Partner
Maurice O. Glinton & Co.