# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHSHORE MAINLAND SERVICES INC., *et al.*,[1] | Case No. 15-11402 (KJC) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ___ |

## ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING RETENTION AND EMPLOYMENT OF MAURICE O. GLINTON & CO. AS SPECIAL BAHAMIAN COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO JULY 22, 2015

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seeking entry of an Order (the "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules authorizing the Debtors to retain and employ Maurice O. Glinton & Co. ("Glinton") as special Bahamian counsel, effective *nunc pro tunc* to July 22, 2015; and the Court having reviewed the Application, the Glinton Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the lead Debtor's federal tax identification number, are as follows: Northshore Mainland Services Inc. (9087); Baha Mar Enterprises Ltd.; Baha Mar Entertainment Ltd.; Baha Mar Land Holdings Ltd.; Baha Mar Leasing Company Ltd.; Baha Mar Ltd.; Baha Mar Operating Company Ltd.; Baha Mar Properties Ltd.; Baha Mar Sales Company Ltd.; Baha Mar Support Services Ltd.; BML Properties Ltd.; BMP Golf Ltd.; BMP Three Ltd.; Cable Beach Resorts Ltd.; and Riviera Golf Ventures Ltd.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Glinton Declaration that Glinton does not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which Glinton is to be employed; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain and employ Glinton as special Bahamian counsel *nunc pro tunc* to July 22, 2015 as set forth in the Application.

3. Glinton shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Wilmington, Delaware

                                                                 THE HONORABLE KEVIN J. CAREY
                                                                 UNITED STATES BANKRUPTCY JUDGE